### Harrison *against* M'Intosh.

In *replevin* the avowant must set forth his title and allege the estate of which he is seised, or the avowry is bad. Plea of property in a stranger is good in bar or abatement, and entitles the party to a return, without an avowry. If the plaintiff reply to such plea that the defendant entered the house in the *night-time*, it is bad. If the replication states that the goods were delivered to the plaintiff by B, for safe-keeping, and that the plaintiff has a *special property* in them, without stating that B had any property, or authority to make the deposit, it is bad.

*Laws of N. Y. Vol. 1. p. 134.*

THIS cause came before the court upon a *writ of error* from the court of *common pleas*, of the county of *Cayuga*.

The plaintiff in the court below stated in his *plaint*, that the defendant, on the 26th *March*, 1804, in the house of the plaintiff, in the town of *Aurelius*, &c. took the goods and chattels of the plaintiff, &c. (being articles of household furniture enumerated) and unjustly detained them against surety and pledges, &c.

The defendant pleaded, 1st. That the goods, &c. were the property of one *Edmund King*, and traversed that the property was in the plaintiff. 2d. That before the taking, to wit, on the day and year aforesaid, at the place aforesaid, the plaintiff, for the purpose of defrauding the defendant, and to prevent him from distraining the said goods, &c. for rent, &c. did wilfully aid and assist to carry away, from a certain messuage or dwelling-house in *Aurelius*, before that time let by the defendant as landlord to the said *Edmund King*, (leaving the rent of forty dollars due and unpaid) the same goods, &c. which were liable to be distrained for the same rent, and did conceal them in the house of the plaintiff, to prevent, &c. and that the defendant, by virtue of the act *concerning distresses, and for the better security and more easy recovery of rents*, &c.\* well acknowledges the taking the said goods, &c. as a distress for rent, &c.

The plaintiff replied to the *first* plea, ( *protesting* that the property of the goods was in the plaintiff, &c.) that the defendant, in the *night time*, on the day, &c. at, &c. did break and enter the plaintiff's house, &c. and take the said goods, &c. and concluded with a *verification*, &c. 2d. That before, &c. the said goods were delivered to the plaintiff by one *Timothy Brown*, safely and securely to keep, and that the plaintiff had a special property in them, &c. and tendered the general issue to the country. To the *second* plea, the plaintiff replied, 1st, That the *forty dollars* rent, at the time, &c. was not in arrear and unpaid, &c. and thereupon tendered an issue to the country. 2d. After *protesting* that he

did not knowingly and wilfully assist to take and carry away the goods, &c. or conceal them to prevent the distress, &c. he says that the defendant, in the *night time*, at, &c. broke and entered the house of the plaintiff, and took the goods, &c. and this he was ready to verify, &c.

To these *replications* there were special *demurrers* by the defendant. The causes of demurrer to the first replication assigned, were, that the plaintiff neither confessed nor denied a material fact traversed by the defendant in his pleas, to wit, that the property of the goods was not in the plaintiff. 2d. That the replication was a departure from the plea, and that the plaintiff ought to have taken issue on the traverse. 3d. That he had introduced new matter totally immaterial and irrelevant, in determining the right of property &c. 4th. That the issue on a material fact between the parties could not be joined on such a replication. 5th. That the replication was insufficient, and wanted form, &c. The causes of demurrer to the second replication, were. 1st. That the replication was a departure from the plea, and issue ought to have been taken on the traverse. 2d. That it did not appear by the replication what property, if any, the said *Brown* had in the goods. 3d. That new matter was introduced, which concluded with an issue to the country instead of a verification. 4th. That the replication was insufficient, and wanted form, &c.

The following causes of *demurrer* were assigned to the first replication to the second plea. 1st. That in the first part of the replication, issue was taken on a fact not material. 2d. That the plaintiff had taken issue that the *forty* dollars of rent were not in arrear and unpaid, but has not denied that there was a less sum due, &c. 3d. That the plea is insufficient, &c. As to the demurrer to the second replication to the second plea, the following causes were assigned : 1st. That it does not deny the material allegations in the *avowry*, nor sufficiently answer them, but introduces new matter irrelevant, &c. 2d. That issue cannot be joined on any material fact. 3d. That the replication is insufficient and wants form, &c. To this there was a *joinder in demur-*

*rer* on the part of the plaintiff. The court below considered the replications of the plaintiff insufficient, &c. and that the plea in bar to the *avowry* and *cognisance* were also insufficient, and they gave judgment that the plaintiff take nothing by his plaint and declaration ; that the defendant go without day, &c. and have a return of his goods, &c. irrepleviable, &c. and awarded a writ of inquiry as to the damages which were assessed at seven dollars, &c. with costs, &c.

*Hopkins*, for the plaintiff in error. The pleadings on the part of the defendant, are inartificial and informal.  1. The *avowry* is not well pleaded.  It does not correspond with the act on which it is founded.* It admits a distress made off the premises ; it ought, therefore, to have stated that it was done in the *day time*, &c. in the manner prescribed by the act.  The title of the *avowant* ought to be set forth fully and particularly.  This is an indispensable rule in all *avowries.*†

> \* See 14th and 15th sections, vol. 1. p. 138.

> † 2. *Salk.* 561. *Scilly* v. *Dally.*

2. It must be admitted that plea of property in a stranger is a good plea ; but the replication states that the distress was made in the *night time*, and by breaking open the plaintiff's house.  Every distress must be made in the day time.‡ An irregular distress, can give no title. It is a perfect nullity, and therefore the party distraining is a trespasser.  He has no right therefore to avail himself of a plea of property in a stranger.  The *avowry* admits that the plaintiff was in possession, and the court may look to that part of the record in support of that fact.  The power or right of replevin is not confined to the general property, or to the absolute owner ; a person having a special property as a bailee, may maintain replevin.

> ‡ *Co.Litt.*142. a. 3 *Black. Com.* 11.

*Emott*, for defendant. If either of the pleas, the avowry, or the property in a stranger be good, the judgment must stand.  It is essential that the plaintiff in replevin should have a right of property ; and it is always a good plea that the property is in another person.  The replication does not answer or contradict the plea.  It states only that the defendant broke open the house of the plaintiff in the night time, and

took away the goods. This is no answer to the plea; for it does not follow, that, because the manner of taking was unlawful or irregular, that the property was in the plaintiff. Admit this replication to be good, the real owner might afterwards bring his action, and the defendant could make no defence. If the defendant be a trespasser, the plaintiff has a remedy against him. It cannot affect the present question.

There are distinct replications, and each must stand, or fall by itself. The facts contained in one replication cannot be adduced to supply the defects in another. If one be bad, it must be overruled, and the judgment must stand. The replication to the first plea is essentially bad, and though, on demurrer, every fact well pleaded is admitted, yet if the plea be bad, nothing is admitted. The objections to the second replication are well taken. It sets up new matter, and concludes to the country, which is obviously an erroneous conclusion. Again: the plaintiff should have taken issue on the fact of a right of property in a stranger. If he meant to rely on a special property in himself, he ought to have gone farther, and have stated a right of property in *Brown*, and that it was delivered to the plaintiff and remained for safe-keeping at the time of the distress. For it might be that *Brown* had no property whatever in the goods, and so could transfer no special property to the plaintiff, or that the special property that once existed had ceased at the time of the distress. If the plaintiff in replevin cannot show a property in himself at the time, he must fail in his action.

*Hopkins*, in reply. In all cases where property is taken out of the possession of the party who has a right to retain it against third persons, either as *bailee* or otherwise, he may have an action of replevin to recover it back, unless prevented by some statute.§ The replication states the special property not by way of inference, but in direct terms; that the goods were delivered to him by *Brown*, for safe-keeping, and that the plaintiff had a special property in them. There is some difference in the cases as to the conclusion of such replications. But among the modern determinations, many

§ See *Gilbert's*
Law of *Replevin*, p. 150.

ALBANY,
August, 1806.

Harrison
v.
McIntosh.

\* 2 *Strange,*
871.
†2 *Term,* 439.

similar causes occur where the conclusion may be either by a verification, or to the country. In the case of *Baynham* v. *Matthews,*\* Justice *Dennison* observed, that if the plaintiff had replied without a traverse, he would have been right in concluding to the country, but where you add a traverse, you must conclude with an averment. In the case of *Hedges* v. *Sandon,*† the rule laid down in *Strange* is recognised, and it is admitted that the conclusion may be either way. The *general* rule is, that where the replication puts the whole substance of the plea in issue, it may conclude to the country, and there are many cases where the conclusion would be good either way. The plaintiff having a special property, and intending to rely upon that fact, could not take issue on the fact of general property in a stranger. Had he done so, he must inevitably have failed.

KENT, Ch. J. delivered the opinion of the court. The avowry in this case was clearly bad. It was necessary for the avowant to have set forth his title, and to allege the estate of which he was seized. The power of distress is called an extraordinary power, and for this reason the common law required the authority to be specifically shown. This old rule is still to be strictly inforced in cases not within the remedial revisions of certain statutes relative to pleadings in replevin. *(Yelv.* 148. 2 *Wils.* 261. 2 *Bos.& Pul.* 359. 2 *Saund.* 283. 284 *c. n.* 3. 310. 314. *n.* 13.*)* With respect to this point we have no relaxation of the common law rule, as the provision in the statute of 11 *G.* 2. *c.* 19. *sec.* 22. has never been adopted.

But the plea of property in a stranger is a good plea either in abatement or in bar, and entitles the party to a return without avowry, for the possession was illegally taken from him by the replevin. *(*2 *Lev.* 92. 1 *Salk.* 94.*)* The reply to this plea was insufficient and bad. The first reply was, that the defendant entered the house in the night time and took the goods. This fact was altogether immaterial and irrelevant to the question of property which the plea ought to have confessed and avoided, or traversed and denied. The second replication to this plea is also insufficient. It states that the

goods were delivered to him by one *Brown*, to keep safely, but does not allege any property in *Brown*, nor any authority in him to deposit them. A deposit by a person having no property in the goods, and who might have come to the possession of them tortiously, could give the plaintiff no right to replevy them. And if the deposit had been made by the rightful owner, it is very questionable whether the plaintiff could have maintained a replevin for the taking, as the deposit was, from his own showing, a mere naked bailment for safe-keeping, in which case, the plaintiff could only be answerable for gross negligence in regard to his trust. Having no interest in the goods deposited, and not being responsible to the bailee for the taking, there can be no reason why he should have an action of trespass or replevin. But it is sufficient to observe in this case, that for the reason first mentioned, the demurrer to this replication was well taken, and the judgment below properly rendered. If either plea be good, judgment must be given against the defendant, as it appears that he had no cause of action. The judgment below must therefore be affirmed.

Judgment affirmed.