NEW YORK,
No: 1810.

PANGBURN
v
PATRIDGE.

PANGBURN *against* PATRIDGE.

*Replevin lies for any tortious or unlawful taking of goods; and not in cases of distress only.*

THIS was an action of *replevin*, brought against the defendant, for unlawfully taking and detaining a heifer, belonging to the plaintiff. The defendant pleaded *non cepit*, and that the heifer was his property, &c.

The cause was tried at the *Saratoga* circuit, before Mr. Justice *Van Ness*.

At the trial, the plaintiff proved a regular bill of sale, and delivery of the heifer and other cattle, from *Joseph Pangburn*, to the plaintiff, for the consideration of 100 dollars. While the cattle were in the possession of the plaintiff, the defendant took and drove away the heifer in question, alleging, that he took it for a debt due to him from *Joseph Pangburn*.

The defendant moved for a nonsuit, and the judge decided that the plaintiff could not recover in this form of action. The plaintiff offered further evidence, to show that the defendant had no right, or claim of property whatever in the heifer; but the judge, being of opinion that the right of property could not be decided in this action, directed the plaintiff to be called, and he was nonsuited.

A motion was made to set aside the nonsuit, and for a new trial.

*J. B. Yates*, for the plaintiff. *Buller** says, the action of replevin may be brought, in any case, where a man has had his goods taken from him by another. Where the person, taking the goods, claims property in them, the sheriff cannot proceed to make *replevin*, but must issue a writ *de proprietate probanda*, on which he has an inquest of office.† But, though by the inquisition, the

* *Bull. N. P.*
*52.*

† *Co. Litt. 145.*

property should be found in the defendant, the plaintiff is not concluded, but may have his action of replevin.

The plea of property is inconsistent with the idea of a *distress.*

The first section of the " act to prevent abuses, in delays in actions of replevin," (11 sess. c. 5.) declares, " that if the beasts, goods or chattels of any person, be taken and wrongfully detained, the sheriff, by a writ, &c. or upon complaint, without a writ, shall cause them to be replevied." The language of the act is general, and applies to every unlawful taking, whether by distress, or otherwise.

*Gilbert** calls the writ of *replevin,* at common law, a judicial writ, intended as a speedy remedy; and he says replevin lies for goods, in which the plaintiff has a qualified, as well as an absolute property; as if goods be in my hands, to be delivered to *J. S.,* and *J. N.* takes them, I may have replevin to recover the possession, because I have a right of possession, against every body but *J. S.,* and *J. N.* is, therefore, a trespasser.[+] So replevin lies for goods, taken in execution, issued by an inferior jurisdiction. *Comyns*[§] says, if a man tortiously takes the person or goods and chattels of another, and detains them, a replevin lies. " Replevin lies of all goods and chattels unlawfully taken." In *Viner,*[¶] it is said, if a *trespasser* takes beasts, replevin lies of this taking, at election; and he cites the *Year Books,* 7 *Hen.* IV. 28 *b.* 6 *Hen.* VII. 9. 19 *Hen.* VI. 60. And *Bro.* in replevin, *pl.* 37. 39. cites 2 *Edw.* IV. 16., for the owner may affirm property in himself, by bringing replevin. In all these authorities, we find the rule laid down generally, that *replevin* lies for a *tortious* or unlawful taking of goods, without reference or limitation to a distress.

In *Shannon* v. *Shannon,*[**] Lord *Redesdale* says, that the writ of replevin is founded on any unlawful taking, and is calculated to supply the place of detinue and trover. He said, " he was sorry to hear Mr. Justice

* *Gilb.* on *Dist. and Replevin,* 3 Ed. 87. *Com. Dig. Replevin.* (A.)

+ *Gilb.* 152. *Com. Pl* (3K.)

§ 6 *Com.* 224. *Replevin,* (A.)

¶ 18 *Vin. Abr.* 577 *Replevin* B. (F 2, 5 3.)

** 1 *Schoales and Lefroy,* 327.

*Blackstone's Commentaries** cited, as an authority."
" His definition of the action of *replevin*, is certainly too narrow; many old authorities will be found in the books, of *replevin* being brought, where there was no distress." Indeed, the law would, in many cases of a wrongful taking of chattels, be very deficient, if it did not afford this remedy by replevin; for the actions of *detinue* and *trover* would afford no compensation or redress, to the party to whom the possession of a thing may be of far greater value, than the thing itself.

* *Bl. Com.* 146, 147.

*Taylor*, contra. This is the first time that I have heard, that replevin would lie in any case except a *distress*. *Blackstone†* expressly confines the remedy, by replevin, to the case of a *distress*. It is true, that there are *dicta* in the books, that replevin lies for an unlawful taking. But this must be such an unlawful taking, as is referred to by the statute, which speaks only of a replevin in case of a *distress*. The position of *Gilbert*, that replevin lies for goods taken on execution issued by an inferior jurisdiction, is clearly erroneous. There are numerous authorities to the contrary; and it has been expressly decided, that a replevin will not lie for goods, taken by execution, in any case.‡

† 3 *Bl. Com.* 145. 147. *Co. Litt.* 145. b. 2 *Cromp. Pr.* 222. 2 *Sell. Pr.* 240.

‡ 1 *Barnad.* B. R. 110. 2 *Stra.* 1184. *Wils. Rep.* 672. note 2. 6 *Term Rep.* 522. *Morgan's Vade Mecum,* 72, 73.

*Non cepit*, and property, were the only pleas which the defendant could plead. He says, first, that he has not taken the goods in such a manner as will entitle the plaintiff to an action of replevin; and he also pleads, that they are his property, to entitle himself to a writ *de retorno habendo.* He could not *avow;* for it would be inconsistent with the other plea; and property cannot be given in evidence under the general issue, but must be pleaded in bar or abatement.§

§ 3 *Salk.* 307. 2 *Sell. Pr.* 254. 258.

If replevin is allowed to lie in every case of an unlawful taking, it will produce great inconvenience, vexation and expense. It may be brought for the taking of

the most trifling article, and the proceedings may be removed into this court.

VAN NESS, J. delivered the opinion of the court. The opinion I expressed, on the trial of this cause, that replevin lies only in the case of an unlawful distress, was a mistaken one. The passage to that effect, in *Blackstone's Commentaries*, is not warranted by the books. This action is usually brought to try the legality of a distress; but it will lie for any unlawful taking of a chattel. Possession by the plaintiff, and an actual wrongful taking, by the defendant, are the only points requisite to support the action; and none of the cases, defining the nature of the action, confine it specially to the case of a chattel, taken under pretence of a *distress.* The old authorities are, that replevin lies for goods taken *tortiously*, or by a *trespasser;* and that the party injured may have replevin, or trespass, at his election. This is so laid down by *Gascoigne*, J. in 7 *Hen.* IV. 28 b. and by *Danby*, J. in 2 *Edw.* IV. 16. and by *Brian*, J. in 6 *Hen.* VII. 9. and these *dicta* are cited as good law, in *Bro.* tit. *Replevin, pl.* 36. 39. and in *Roll. Abr.* tit. *Replevin*, B. The same rule was admitted, by the judges, in the case of *Mason* v. *Dixon*, (*Jones's Rep.* 173.) and in *Bishop* v. *Montague*, (*Cro. Eliz.* 824.) Similar language is held, in many of the modern authorities, cited by the plaintiff's counsel, upon the argument; and particularly by Baron *Gilbert*, Baron *Comyns*, and Lord *Redesdale*. The opinion of the latter is reported by *Schoales* and *Lefroy*, in which he lays down the law, with peculiar accuracy and precision. The provisions in our statute (11 sess. c. 5.) apply chiefly to cases of illegal *distress;* but there is nothing which confines the remedy to that particular injury.

If this question be considered upon principle, it is proper this action should be maintainable, wherever

there is a *tortious* taking of a chattel out of the pos-
session of another. A great variety of cases might be
stated, in which no damages which a jury is legally
competent to give, can compensate for the loss of a par-
ticular chattel.

The nonsuit must, therefore, be set aside, and a new
trial granted, with costs to abide the event of the suit.

Rule granted.