Sewall, J.
The exceptions bring before us these questions:
1. Whether there is any evidence of a trespass in this case, the jury having been instructed that the plaintiff must fail in his action, for want of evidence to prove a forcible taking by Chase, the defendant, of the timber in question.
We think this direction to the jury incorrect. The brief statement admits the taking, and no actual force is necessary to be proved, (a) An owner may admit himself dispossessed and deprived of a personal chattel, for the sake of his remedy. He who interferes with my goods, and, without any delivery by me, and without my consent, undertakes to dispose of them, as having the property, general or special, does it at his peril to answer me the value in trespass or trover; and even a subsequent tender of the goods will *136 not excuse him, if I choose to demand the value; and the return, if accepted, is only evidence in mitigation of damages. Thus the working of an estray, or a beast distrained, is a [* 129 ] * trespass ab initio ; and the owner may declare for an unlawful taking, after he has regained his property. (1) 2. Another question then arises,—whether the evidence establishes a property in the plaintiff' sufficient to maintain this action, (a)
*135 ADDITIONAL NOTE.
[To maintain trespass de bonis asportatis, it is sufficient to prove an unlawful exercise of authority by the party over the goods, against the will and to the exclusion of the owner, without any manual taking or removal. — Miller vs. Baker, 1 Mete. 27.
See Price vs. Helyar, 4 Bing. 597.— Wilson vs. Barker, 4 B. Adol. 614.—Mead vs. Young, 2 Deo. B. 521. — Bell vs. Miller, 5 Ohio, 252. — F. H.]
*136 His title as deputy sheriff, by force of the seizure in execution, is *137 special, depending on his authority by the execution; that is, it is not otherwise insisted on, or maintained, against the owner, or another creditor; but his possession is a sufficient authority against a stranger.
The plaintiff seized the timber as the property of Robbins, and lie had the exclusive possession of it; as muph so as the nature of the article and its actual situation at the time permitted, it being bulky, and frozen in the ice. He placed it in the custody of Drinkwater Notice was given of this to Chase, when he reclaimed it, and proceeded to sell it. This was a possession, which the owner, or any person having a general property, or even one who had acquired a special property by a seizure or possession more rightful than that of the plaintiff, had power to remove, without a breach of the peace.
Such a possessor might surely disregard this possession of Gibbs; but a mere stranger could not.
The defendant objects the plaintiff’s neglect to proceed in the sale, and his return of the execution.
If the property, as Robbins’s, had been seized on two distinct executions against him, as by Chase and by Gibbs, supposing the latter to have one execution, and the priority, by his seizure or attachment, the neglect of Gibbs to sell would justify the other in proceeding to sell. But the defendant, in the case at bar, was a stranger to the property, having neither a general nor special authority ; and against him the plaintiff, by his mere possession, which renders him accountable to the owner of the general property, would be entitled to damages to the value. As to this point, therefore, the direction was incorrect.
ADDITIONAL NOTE.
[Where goods attached by a deputy sheriff are deposited with a keeper, to be forthcoming on demand, the sheriff has a special property in them, and may maintain an action for them against the keeper, for the benefit of the attaching creditor. — Baker vs. Fuller, 21 Pick. 318. — See Lowry vs. Walker, 5 Verm. 181. — Fisher vs. Cobb, 6 Verm. 622.— Whitney vs. Ladd, 10 Verm. 165.
Where a sheriff brings an action against the keeper of goods attached, more than thirty days after judgment, lie must allege a demand on the defendant upon the execution within the thirty days, or else that the latter has disabled himself from delivering them to him, by delivery to a third person.— Baker vs. Fuller, 21 Pick. 318.
An officer may maintain trespass against one who takes out of his possession goods held under an execution before the return day, although the execution has not been returned. — Sewell vs. Harrington, 11 Verm. 141. — So although the officer himself *138 made out the writ of attachment. This is an exception, of which only the debtor can avail himself. — Ibid» — So against a subsequent attaching creditor who takes the property, without a demand previous to the action. — Mills vs. Camp, 14 Conn. 219.
Where goods are levied on, and by arrangement left in possession of the defendant, he becomes, quoad hoc, the servant of the officer; and, upon his refusal to deliver the goods according to contract, trespass lies against him, and any one who aids him in retaining or removing them. — Tromllo vs. Telford, 6 Watts, 468.— F. H.]
* Notwithstanding the mistakes supposed in the direction to the jury, it would be incompetent for the Court to confirm the verdict, if the question, as between the parties to the action, had been determined. If the timber was Ordioay’s, the defendant might be considered as entitled against the plaintiff; and in a case of exceptions, we are to do what to justice appertains.
There was evidence of a sale by Robbins to Ordiuay; there was also some contradictory evidence on this point; and a redelivery and relinquishment to Robbins was proved.
The question arising on this evidence was not distinctly stated to .the jury, and is not determined by their verdict. It was precluded by the opinion expressed to them, that the plaintiff’s title depended on a question of fraud in the sale, as between Robbins and Ordway; or upon the want of evidence of a trespass; or upon the plaintiff's neglect in proceeding with his execution; even supposing the general property to have been in Robbins, and not in Ordway. But the possession was sufficient for the plaintiff, if the property was not Ordioay’s. A new trial is therefore necessary, to determine whether Robbins, if he had sold and delivered, had received the property back again before the attachment.
Between these parties the question of fraud does not arise. If in Ordioay’s possession, as his property, by an actual transfer from Robbins, however fraudulent as to his creditors, after an actual seizure by Ordway’s creditor, the property was not to be reclaimed. If the evidence proves an agency only in Ordway, or that, before the attachment, the timber had been actually restored to Robbins, Ordway’s creditor is not entitled; and the defendant’s possession was a trespass ; because he was entirely a stranger to the property, when he took it from the possession of the plaintiff.

The verdict is set aside, and a new trial is granted.

 [If the brief statement admitted and justified the taking, the general issue denied it, so that the case did not differ from the common case of a plea of the general issue and a justification. And, notwithstanding the decisions made in Jackson vs. Stetson AL (15 Mass. Rep. 48,) and Alderman vs. French, (1 Pick. 1,) it is quite clear that what is stated in one plea cannot be used as an admission to disprove what is contained in another plea in the same action.— Harrington vs. M’Morris, 5 Taunt. 228. — 1 Stark. Ev. 295. — 1 Saund. Pl. and Ev. 41.
The declaration alleges a taking with force and carrying away. And in a respectable treatise on the law of pleading and evidence, it is stated that,11 to sustain trespass, the act must be committed with force, but the degree of force with which the act is done is immaterial.” — 2 Saund. Pl. and Ev. 853, 863.
In the Commonwealth vs. Jones, (1 Pick. 375,) where a miller, having received barilla to grind, fraudulently retained a part of it, returning a mixture of barilla and plaster of Paris, it was held, that he was properly charged, as having with force and arms stolen, taken, and carried away, the barilla from the possession of the owner. So, in Badger vs. Phinney, (15 Mass. Rep. 359,) it was held, that replevin would lie, although there was no tortious taking. And this decision was revised and confirmed in Baker vs Fales, (16 Mass. Rep. 147,) and has since been pertinaciously adhered to.— Marston vs. Baldwin, (17 Mass. Rep. 606.) — But it clearly is not good law, as the best authorities will show.— Galloway vs. Bird & Al., 4 Bing. 299. — Meany vs. Head, 1 Mason, 319. — Paugburn vs. Partridge, 7 Johns. 140. — Ex parte Chamberlain, 1 Sch. Lef. 320. — Ex Parte Wilson, 1 Sch. & Lef. 321, n. — Shannon vs. Shannon, 1 Sch. Lef. 320. — Com. Dig., Replev. A, Pleader, (3 K), 1, 11, 23, (3 M). — 26 Gilb. Rep. 61, 157. — 6 Instr. Cler. 517. — Rastall, 569. — Ham. N. P. 225. — Brooke, Detinue de Biens, pl. 21, 5th ed. 2,157. —33 H. 6, pl. 12. —2 Phill. Ev. 175.— These decisions of our Court have not met the approbation of the profession. See note to Mr. Wheatons edition of Selwyn's Law ofACisi Prius, title Replevin. It is unaccountably strange that, after being driven from every ground taken in former decisions, the Court should, in the last resort, endeavor to fortify their opinion by some supposed peculiarity in the form of the writ prescribed by the statute, which relates solely to cases where goods are taken, distrained, or attached, which shall be claimed by a third person; and, moreover, appears to have adopted the form in the Register. — Ed.]

 Cro. Jac. 147, Bagshawe vs. Goward. — 1 D. & 12, Oxley vs. Watts.

 [There is a distinction with respect to the necessity of actual possession between the action of trespass for breaking and entering upon lands and tenements and the action for taking and carrying away goods. In the former case, the action cannot be maintained unless the plaintiff" have actual possession, although he may have the freehold in iaw. — Sed vide Starr vs. Jackson, 11 Mass. Rep. 519.—In the latter case, proof of actual possession will not be absolutely necessary, if the plaintiff have the exclusive right of possession. But the plaintiff must have either the one or the other, — either the actual possession at the time when the act was done, or the constructive possession in respect of the right actually vested in him. — 2 Phill. 184,186, 7th ed. — Proof of actual possession by the plaintiff of the chattel at the time of the trespass will in all cases suffice to maintain this action against a mere wrong-doer, not being the real owner of the chattel, (2 Saund. 47, and 4 Taunt. 547. — Hoyt vs. Gelston, 13 Johns. 141,561;) and this although such plaintiff had the wrongful possession, (Ibid. — 1 East, 244__Cro. Eliz. 819. —2 Marsh. 233,) or were the mere tinder of the chattel. — Ibid.—Such proof of an actual possession will suffice where plaintiff is a bailee, coupled with an interest, as a carrier, factor, pawnee, &c., (2 Saund. 47, b.— 1 Roll. Abr. 551,) or even a gratuitous bailee, (1 Barn. & Ald. 59 ;) but he cannot sue if he be a mere servant, (Owen, 52. — 3 Inst 103. — 2 Saund.47, b, c, d;) and a distrainer of goods has neither such an actual nor constructive possession in the chattel seized as will enable him to bring trespass for an injury, the goods, till sold, being in the custody of the law, (1 M. Y. 118;) and he who was in possession before the seizure is the proper person to sue for the injury. — Abr. Bro., Property, 52, cited in M. & Y. 118. — A sheriff, having duly seized goods under a fieri facias, has such a special property in them as to enable him to support this action against any person taking them out of his possession. — 2 Saund. 47.— 1 Vent. 52. — 1 Lev. 282. — And see Sawle vs. Paynter, 1 D. & R. 307. — But the sheriff, in order to maintain this action, must continue in actual possession of the goods; for where a sheriff’s officer seized a table in the name of all the goods in a house, and locked up his warrant in the table drawer, and left the house, it was held, that the sheriff could not sue the landlord, who afterwards distrained the goods for rent..— Blades vs. Arandole, M. & S. 711. — If the owner of a chattel gratuitously permit another person to use it, he may maintain trespass for an injury done to it while it is so used, (2 Camp. 464,) though it is otherwise where the chattel is let to him. — Croft vs. Alison, 3 Camp. 187. — 4 B. & Ald. 590. — Ward vs. M' Cauley, 4 T. R. 489.—The owner of goods, though he has deposited them in the hands of a bailee, may maintain trespass for the taking of them, because he has the general property, (7 2’. R. 10. —16 East, 33;) in which case there is also a mixed possession, viz., an actual possession in the bailee, and an implied possession in the owner— 4 T. R. 490. — So an executor for the goods of his testator, {Ibid.,) or an executor of an executor, (Com. Dig., Tres. B, 5,) or an executor de son tort, (1 Ch. PI. 51;) and the owner of tithe may support trespass after it has been set out against a person for injuring it. — 8 T. R. 72. —The vendee of goods, even before delivery, has a property sufficient to maintain this action, (Com. Dig., Tres. B, 4;) and the factor or consignee of goods, before actual pos session, has such a constructive one as will enable him to bring trespass. — 1 B. P 47. — Where the bond fide assignee of a bill of sale, executed by the sheriff under a fi. fa. against the goods of A, allowed the latter to remain in the possession and enjoy ment of the goods until another execution was put in, and the same effects were again seized, it was held, that the first execution being notorious, the assignee of the bill of sale might maintain trespass against the sheriff, and that an absolute change of posses *137 sion was not necessary to give effect to the bill of sale against creditors__Latimer vs. Batson, 7 D. & R. 106. — 4 B. & C. 652.
A tenant for years may support trespass for cutting down trees, unless they were excepted in the lease; though he cannot for carrying them away. — 2 Camp. 491. — 2 M. & S. 499. — 2 Salk. 638. — A shopkeeper to whom goods are sent to be sold or returned has such a special property in them as, when coupled with possession, will enable him to bring trespass against a person for taking them away. — 2 Camp. 576. —Ed.]