DICK KEYES. The (SCOTT v.). See Case No. 12,528.

DICKSON (BURROW v.). See Case No. 2,-203.

## Case No. 3,898a.

### DICKSON v. MATHERS.

[Hempst. 65.] [1]

Superior Court, Territory Arkansas. Oct., 1828.

REPLEVIN LIES, WHEN — SPECIAL PLEAS — NEW TRIAL—EVIDENCE NOT PRODUCED.

1. Where evidence is within the control of a party, who omits to use it at the trial, because he was not advised of its importance, a new trial will not be granted to enable him to bring it forward.

2. Possession by the plaintiff, and an actual wrongful taking by the defendant, are necessary to support the action of replevin.

3. Property in the defendant must be specially pleaded, and cannot be given in evidence under non cepit.

Appeal from Conway circuit court.
Before ESKRIDGE and BATES, Judges.

OPINION OF THE COURT. This was an action of replevin, brought by the appellant [James S. Dickson] against the appellee [Thomas Mathers], in the Conway circuit court, for unlawfully taking and detaining a negro, and comes here by appeal.

Several points have been relied on for reversing the judgment. First, that the judgment was rendered upon an immaterial issue. From the record it appears that the defendant plead the general issue, non cepit, and property in himself. By the first plea, he says he has not taken the property in such a manner as to entitle the plaintiff to an action of replevin; and by the second, that the property is his own, in order to entitle himself to a return of it. These were the only pleas which the defendant could plead; he could not avow, because it would be inconsistent with the general issue, and property must be pleaded in bar or abatement, and cannot be given in evidence under the general issue. 1 Chit. Pl. 481; 5 Mass. 285; 1 Johns. 380; 2 Selwyn. N. P. tit. "Replevin," 367; Shearick v. Huber, 6 Bin. 3; Hempstead v. Bird, 2 Day, 299; 1 Com. Dig. "Action," M. 6. In Pangburn v. Patridge, 7 Johns.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

140, the pleas of non cepit and property were plead together. The pleas, then, were not inconsistent.

The second question presented by the record arises out of an application for a new trial. In the affidavit upon which the application for a new trial is founded, it is stated that there is a written contract for the hire of the negro, from George Bentley to the plaintiff, the importance of which contract he did not know at the time he consented to go to trial. The contract referred to was within the control of the plaintiff. Dickson, at the time of the trial, and that it was not used must be ascribed to his own negligence, of which he cannot avail himself as a ground for a new trial.

The third point grows out of the bill of exceptions taken to the instructions of the court to the jury. These instructions were, that the jury ought not to find for the plaintiff unless there was an unlawful taking of the negro by the defendant from the possession of the plaintiff, or that he enticed the negro from the possession of the plaintiff into his own possession, in which latter case there would be an unlawful taking. Possession by the plaintiff, and an actual wrongful taking by the defendant, are requisites to support the action of replevin. The taking must be from the actual possession of the plaintiff, and it must be tortious. Pangburn v. Patridge, 7 Johns. 140; Clark v. Skinner, 20 Johns. 465; Thompson v. Button, 14 Johns. 84. Judgment affirmed.