Tuley *vs* Mauzey, &c.                          Replevin.

Error to the Jefferson Circuit.                 *Case* 4,

*Replevin.    Pleas and pleading.*

Judge Marshall delivered the opinion of the Court.           *Sept.* 7.

In this action of replevin, brought by Enos Tuley    The case stated.
against Mauzey and two others, for a slave, George, Mau-
zey pleaded that the slave was the property of Priscilla
Tuley and others, the widow and heirs of C. M. Tuley,
deceased, and that he held possession of him on hire from
them, and that said slave was not the property of the
plaintiff, &c. wherefore he prays judgment of the action,
and for a return and damages.  The other defendants
pleaded separately, that the slave was the property of
Priscilla Tuley, &c. and not of the plaintiff, and prayed
judgment of the action.    Mauzey also filed a second plea,
alledging a recovery of the same slave by said Priscilla
Tuley, &c. in a suit in Chancery, brought against them
by the plaintiff.    Demurrers to the three first pleas having
been overruled, and the Court having adjudged, upon a
replication of *nul tiel record* to the last plea, that there
was such a record, a jury was sworn to inquire of dama-
ges, who, by their verdict, found that Mauzey was entitled
to a return of the slave, that his value was $550, and as-
sessed the damages of Mauzey, occasioned by the taking
and detention of the slave, pending the suit, at sixteen
dollars.    Upon this verdict a judgment was rendered in
favor of Mauzey for sixteen dollars damages, and costs,
and a writ *de retorno habendo* awarded him.    To reverse
this judgment, the plaintiff in the action prosecutes a writ
of error.

The assignment of errors questions the propriety of the    When demurrer
decision upon the demurrers, and upon the issue of *nul*   is overruled to a
*tiel record,* also the mode of swearing the jury, the suffi-  plevin, alledging
ciency of the verdict, and the form of the judgment.        property in a
                                                            stranger, and the
As the three first pleas are unanswered, it will be unne-   jury sworn to in-
cessary, if those pleas are good, to inquire into the decis-  ges, find the
                                                            damages for de-

TULEY
vs
MAUZEY.

tention: judgment *de retorno*, and for such damages, is proper.

Plea of property in a stranger, in replevin, entitles the defendant to a return of the property, if found for defendants.

ion on the issue of *nul tiel record*. This consequence which follows upon the ordinary principles of pleading and practice, is established by the ninth section of the act of 1842, concerning the action of replevin, (3 *Stat. Law*, 505,) by which it is enacted that in such a case as the present, if the plaintiff shall fail to prosecute his suit, or judgment shall be against him on demurrer, or on issue joined on a plea in abatement, the Court, on motion of the defendant, shall empannel a jury to ascertain the value of the property, or of the defendant's right therein, &c. and the damages sustained by reason of the action, and upon such assessment render judgment for the value of the property and the damages, or for a return of the property and the damages assessed, as the defendant may elect.

The three first pleas then, are in effect, pleas of property in a stranger, traversing also, the plaintiff's right, and Mauzey's plea states a right of possession under the alledged owner, and prays for a return. In 1 *Chitty's Pleadings, Springfield edition of* 1833, *page* 481, it is laid down that the plea of property in a stranger in replevin, is good either in abatement or in bar. And in the case of *Harrison* vs *McIntosh*, (1 *John. Rep.* 380,) it is decided that such a plea is not only a good bar but also entitles the defendant to a return, and 2 *Lev.* 92, *and* 1 *Salk.* 94, are there referred to in support of this doctrine. These three pleas were, therefore, sufficient to bar the action against each of the defendants, and to entitle them, and especially Mauzey, to a return and to damages— which being claimed by Mauzey alone, the plaintiff has no right to complain that the damages and return were adjudged to him only. And although the statute provides for swearing the jury to ascertain the value of the property or of the defendant's right therein, yet as this is to be done for the purpose of enabling the defendant to exercise the option of taking his judgment for the value of the property or for the property itself, and as the defendant, Mauzey, had elected, by his plea, to have a return of the property, this inquiry was not essential to any practical purpose of the proceeding, and the plaintiff has no right to complain that it was not embraced in the oath of the jury, who were sworn only to inquire of damages.

Nor does the fact that the jury went beyond the matter submitted to them, and found not only the damages sustained by the caption and detention of the slave, but also his value, which was immaterial, and the right of the defendant, Mauzey, to have a return, which stood admitted on the pleading, vitiate the verdict for damages, which was authorized by the oath taken. The maxim, *utile per inutile non vitiatur*, applies as strongly to verdicts as to any other part of judicial proceedings.

The state of the pleadings and the verdict, ascertaining the damages, authorized the judgment as it is rendered in favor of Mauzey. And although there should also have been a judgment in bar and for costs, in favor of the other defendants against the plaintiff, the omission in this respect, like the other irregularities above noticed, was not prejudicial to the plaintiff, and furnishes no ground of reversal on his writ of error, even if it be embraced in his assignment of errors.

Wherefore, the judgment is affirmed.

*Pirtle, Clark and Thruston* for plaintiff: *Guthric and Loughborough* for defendants.

The finding of facts by the jury, not necessarily involved, will not vitiate a verdict, when enough is found to decide the issue.

Defendant has no right to complain that judgment for costs was not rendered against him when it might properly have been.