# REPORTS.

## CHESHIRE,

### JANUARY TERM, A. D. 1857.

### DICKINSON *v.* LOVELL.

In replevin, the defendant pleaded property in B., or third person, that B. was indebted, and that he attached the property upon a writ founded on said debt to R. The plaintiff replied, 1, property in himself; 2, that B. was not indebted to R.; 3, that the defendant did not attach the property on a writ, in favor of R., against B., and issues were joined. — *Held*, 1, the only material issue was upon the plaintiff's property; 2, that the allegations that the goods were the property of B., that B. owed R., and that the defendant attached the goods on R.'s writ, were merely inducement, and not traversable; and that the issues joined on those matters were immaterial; and, 3, that on these pleadings, if the issues are found in his favor, the defendant is at common law entitled to a judgment for a return, without an avowry or conusance, or any suggestion of that nature; 4, that in this State he is entitled to a judgment for damages instead of a return; and, 5, that those damages are not necessarily limited to the value of the property and interest.

In such a case the return of an officer of an attachment made by him, is conclusive evidence of that fact.

Where a witness is asked whether he had ever seen B., and if so, when and where; and he replied that he had seen him once at the store of W., in Boston, he could not tell when, and he afterwards deposed that B. purchased goods of W. at several times; it was *held*, that the court could not decide that the witness had no competent knowledge of the facts he stated. That question must be left to the jury.

REPLEVIN, for a stock of goods. Pleas, *non cepit*, and issue thereon; 2d, that the goods were the property of one Brown;

that Brown was indebted to Fairbank & Co. ; that the defendant was a deputy sheriff, and attached them as Brown's property, on a writ against him in favor of Fairbank & Co., concluding with a prayer for damages and costs. Replications, that the property was the plaintiff's, and issue thereon ; 2d, that the defendant did not attach the property on a writ of Wilson, Fairbank & Co.; 3d, that said Brown was not indebted to Fairbank & Co. On each of these replications issue was joined. Similar pleadings stated a debt to one Root, &c.

The plaintiff claimed under a mortgage from Brown, dated November 24, 1854 ; and the defendant under attachments made by him on the 8th of December, 1854.

To prove that the goods were attached on a writ in favor of Fairbank & Co., the defendant offered said writs, and the returns thereon of attachments by the defendant ; to which the plaintiff objected, and the court ruled that said returns were conclusive evidence that such attachments were made.

To prove a debt due to said Fairbank & Co. from said Brown, the defendant, with other evidence tending to show that this plaintiff, who was engaged with Brown in his store business, had sometimes purchased goods for him, offered the deposition of one Lefavor, who testified that he was a clerk in the store of Fairbank & Co., in Boston, at the time when it is alleged that Brown purchased the goods by the sale of which his indebtment to Fairbank & Co. arose.

To this deposition the plaintiff objected, that it appears by the deposition itself that the deponent had not competent knowledge of the facts stated by him ; but the court overruled the objection. The part of the deposition material to the question is as follows :

*Interrogatory second.* What was your business from the first of May, 1852, to the first of October, 1854 ?

*Answer.* I was at Wilson, Fairbank & Co.'s, as a clerk during that time. My duties were to enter orders, make out bills, and other things ; also to sell goods.

*Int. third.* Have you ever seen Henry E. Brown, formerly of

Paper Mill Village, N. H? If so, state when and where you have seen him.

*Ans.* I have seen him once at the store of Wilson, Fairbank & Co. The time I could not give.

*Int. fourth.* Do you know of said Brown ever having purchased any goods of the firm of Wilson, Fairbank & Co.? If so, state when, and what amount of goods he purchased.

*Ans.* I do. It was October 25th, 1852, and I can not give the amount without looking at the books, the entries being in my handwriting. He also purchased goods there at other times. The first bill of goods he purchased was October 25th, 1852, amounting to $40.86. The second bill was May 7th, 1853, amounting to $66.30. The third bill was June 11th, 1853, amounting to $27.19. The fourth bill was June 28th, 1853, amounting to $29.56. The fifth bill was July 25th, 1853, amounting to $117.41. The sixth bill was August 10th, 1853, amounting to $6.47. The seventh bill was October 17th, 1853, amounting to $107.23. The eighth bill was June 6th, 1854, amounting to $5.40.

*Int. fifth.* Were these goods paid for at the time they were purchased, or were they purchased on credit?

*Ans.* None of the goods purchased were paid for at the time of the purchase; but the bills of October 25th, 1852, and June 11th, 1853, have been paid in full since the purchase. Other payments on account have been made, amounting to $216.

At the opening of the defence, the plaintiff contended that under these pleadings the defendant could have no judgment for damages; but the court ruled otherwise, and instructed the jury that if the facts set forth in the pleas were proved, they might render a verdict for the defendant for the value of the goods at the time they were taken by the plaintiff from the defendants' possession, and interest, by way of damages, from the date of the writ, if they thought proper, and such other damages as it appeared the defendant had sustained.

A verdict was returned for the defendant on all the issues except the first, with an assessment of damages, and the plaintiff

moved that the same be set aside and a new trial granted, because of the rulings and instructions aforesaid.

*Cushing*, for the plaintiff.

The plaintiff claims under a mortgage executed before the attachment made by the defendant. The defendant impeaches the mortgage, by showing that creditors of the mortgagor had debts, upon which he had writs, and made the attachments. He alleges the mortgage to be fraudulent, and claims to treat it as void. It therefore becomes material to inquire if any attachment was made. In determining whether the property was owned by Dickinson, it was essential to inquire if there was an attachment by the creditors. If the property was Brown's, the return of the officer is conclusive, but the question here relates to the effect of the officer's return as to Dickinson.

The cases of *Brown* v. *Davis*, 9 N. H. 76, and *Angier* v. *Ash*, 6 Foster 99, contain all the law on this subject. As between the parties to the suit and their privies, the return is conclusive ; as to all other parties, it is only *primâ facie* evidence. Here the same question arises which was before the court in *Angier* v. *Ash*. That question was, if a stranger was barred by a return, and it was there held that the return was only *primâ facie* evidence. To that we do not object, but we were precluded.

It is, then, a question whether the plaintiff is a stranger or a privy. Dickinson claims under a mortgage made before the attachment. He may show the judgment collusive. The officer is just as safe, whether the action goes to judgment or not. All that is necessary for him is to show a *bonâ fide* debt. A judgment is not *primâ facie* evidence of a debt, except against the parties to it. *Angier* v. *Ash* is strong to show that Dickinson is not concluded, while the ruling of the court below was that the return was conclusive.

As to the pleadings, there was no question in the cases cited from the New-Hampshire Reports as to the propriety of the pleas. Where a special title is relied upon as an attachment, there ought to be an avowry.

The witness, Lefavor, did not know the fact he testified. He stated that he had once seen Brown at Fairbank & Co.'s store; the answer distinctly implying that he had seen him but once. Yet he swears positively to sales made to him on various other occasions.

The rule of damages is the same in replevin as in trover — the value of the property. *Brizsee* v. *Maybee*, 21 Wendell 144.

*Waite*, (with him was *Lovell*,) for the defendant, contended that the officer's return of an attachment of property is conclusive evidence that such attachment was made, as between the parties to the suit in which such attachment is made, and those claiming under them as privies, and it can not be contradicted for the purpose of invalidating the officer's proceedings, or defeating any rights acquired under them. *Angier* v. *Ash*, 6 Foster 99.; *Brown* v. *Davis*, 9 N. H. 76; *Lewis* v. *Blair*, 1 N. H. 68; *Howard* v. *Daniels*, 2 N. H. 140; *Whiting* v. *Bradley*, 2 N. H. 82; *Parker* v. *Guillow*, 10 N. H. 103; *Buckminster* v. *Applebee*, 8 N. H. 546; *Hall* v. *Tenney*, 11 N. H. 516; *Galusha* v. *Cobleigh*, 13 N. H. 79; *Lathrop* v. *Blake*, 3 Foster 46; *Bailey* v. *Kimball*, 6 Foster 351.

The returns of the officer in this case were not offered as evidence of title to the property, but simply that the attachments were made. For this purpose the returns become records, and prove as much, and are as conclusive as other records : viz., that that took place which the return records.

If these returns are to be contradicted in this case, the effect must be to invalidate the sheriff's proceedings, and to defeat the right acquired under them. For this purpose it can not be done. *Brown* v. *Davis*, and *Lewis* v. *Blair*, before cited.

In the cases of *Buckminster* v. *Applebee*, 8 N. H. 546, and *Hall* v. *Tenney*, 11 N. H. 516, the parties against whom the returns were admitted were not parties to the proceedings in which the returns were made, neither did they claim by privity with either of these parties. And yet the returns in both these cases were held conclusive evidence of the doings of the officer. And

we submit that it is the fair conclusion deducible from all the authorities cited, that for the purpose for which these returns were offered, they are conclusive against all the world.

But in this case the parties both claim under Henry E. Brown, and by privity with him ; the plaintiff by virtue of his mortgage, the defendant by virtue of the attachments. As between them, therefore, there can be no doubt, we think, as to the conclusiveness of the returns.

All the mischief and inconvenience deprecated by the court in *Lewis* v. *Blair*, 1 N. H. 70, would follow from allowing an officer's return to be contradicted by parties in the situation of those in the case at bar, and for the purposes proposed by this plaintiff.

The only remedy of this party, if the returns are untrue, is by an action against the officer for a false return. The remedy would be equally adequate, and we submit that public policy requires that to this remedy he should be confined.

II. The deposition of Lefavor was rightfully admitted. He swears to a fact as within his own knowledge, and if this was doubted, the plaintiff had the privilege of cross-examining him as to his means of knowledge, or to contradict his testimony, or impeach his credit by other evidence. But he having sworn to a fact as within his own knowledge, the evidence was competent to be submitted to the jury.

But this deposition is wholly unimportant to the validity of the verdict on another ground : viz., the issues are all found except that of *non cepit*, in favor of the defendant. The verdict settles that Brown was indebted to Root as well as to Wilson, Fairbank & Co., and that on evidence wholly unexceptionable. The judgment, then, must be the same as if the deposition of Lefavor had not been introduced. It is, therefore, wholly immaterial, and its admission furnishes no ground for setting aside the verdict.

III. The pleadings in this case furnish no objection to a verdict and judgment for damages in favor of the defendant. *Kendall* v. *Fitts*, 2 Foster 1 ; *Williams* v. *Beede*, 15 N. H. 483.

In this last case of *Williams* v. *Beede,* the defendant had a verdict and judgment for damages on pleas precisely like those in this case.

IV. If the defendant, by the replevy of the goods, has sustained actual damage beyond their value, he is entitled to recover it in this action. No separate action would lie for the recovery of these damages. He must recover them in this suit, if at all. Unless he may have a verdict for his actual damages, the law must be reduced to the inconsistency of recognizing an injury, and at the same time denying a remedy. *Beale* v. *Learned,* 4 Mass. 616 ; *Powell* v. *Hinsdale,* 5 Mass. 343 ; *Williams* v. *Beede,* 15 N. H. 485.

In replevin the damages are not confined to the value of the property, but the defendant may have a verdict for his actual damages, and even for exemplary damages. *Smith* v. *Aurand,* 10 S. & R. (3 U. S. D. 341 ;) *McCabe* v. *Morehead,* 1 W. & S. 513, (4 Dig. 501 ;) *Cable* v. *Dakin,* 20 Wendell 172 ; *Lands* v. *Ware,* 1 Strobh. 15, (7 Dig. 427 ;) *McDonald* v. *Scaife,* 11 Penn. 381, (10 Dig. 380 ;) *Suydam* v. *Jenkins,* 3 Sandf. 614, (11 Dig. 404.)

As no evidence was introduced of any damages beyond the value of the property, it can not be presumed that the jury gave any. The verdict ought not, therefore, to be set aside on account of the instructions of the court upon this point.

But although special damages beyond the value of the property were given, we think it right on principle as well as authority.

There is no principle that can make the rule of damages in replevin the same as that in trover. In trover the defendant comes rightfully in possession of the property, and is only answerable for improperly appropriating to his own use that which was lawfully in his possession. And in this and all other cases, if any special damage has resulted to the plaintiff, it may be recovered by a special action, alleging the particular damage which has accrued ; but in replevin the property is wrongfully taken from the defendant's possession ; the only difference be-

tween this and the trespass being, that in replevin the property is taken by means of an abuse of the process of the law. And further, the defendant — the person injured — has no choice in the form of action ; so that, however great may be the injury, he has no opportunity of so framing his action as to adapt it to the particular case, to allege any special matter of damages. He ought, therefore, to be allowed to recover it in this action.

Should it be found that the court below ought to have instructed the jury to tax interest from the time of the replevin instead of from the date of the writ, the defendant offers to remit the amount of interest thus improperly allowed, and take judgment for such amount as might properly have been given.

This amount being insignificant in itself, and being ascertainable by mere arithmetical computation, may be remitted, and judgment rendered accordingly. *Sanborn* v. *Emerson*, 12 N. H. 57 ; *Lambert* v. *Craig*, 12 Pick. 199. This principle is recognized by *Woodbury*, J., in *Hoit* v. *Malony*, 2 N. H. 323, and by *Parker*, C. J., *Parker* v. *Brown*, 15 N. H. 189.

BELL, J. The case of *Brown* v. *Davis*, 9 N. H. 76, quoted and relied on in *Angier* v. *Ash*, 6 Foster 99, establishes the principle that the return of an officer, upon legal process, of matters material and proper to be returned, is conclusive between parties and privies, and others connected with the suit as bail, &c., but not as to third persons. It becomes a question, then, in this case, whether the plaintiff is a privy to the suit in which this attachment is alleged to be made, or a third person, unconnected with the suit. If he is a privy, the ruling of the court that the return was conclusive was correct on that ground.

A privy in estate is any person who must necessarily derive his title to the property in question from a party bound by a judgment, return, &c., subsequently to such judgment, return, &c. 5 Cruise Dig. 159 ; Touch. 21 ; 1 Greenl. Ev., secs. 189, 190 ; 2 Phill. Ev. 12 ; *Duchess of Kingston's Case*, 20 Howell St. Trials 578, quoted 2 Phill. Ev. 4–6 ; *Doe* v. *Derby*, 1 A. & E. 787 ; *Jackson* v. *Bradford*, 4 Wend. 623 ; 7 Stark. Ev. 194 ;

Dickinson *v.* Lovell.

*Adams* v. *Barnes*, 17 Mass. 368 ; *Trevivan* v. *Lawrence*, 1 Salk. 276 ; 2 Bac. Ab., Evid., 617 ; *Gurnsey* v. *Edwards*, 6 Foster 224.

In the present case the plaintiff, against whom these returns were offered, was not a party who claimed under the debtor by a title subsequently acquired, because his mortgage was of an earlier date than the attachment. The returns were not, therefore, conclusive against him on the ground that he was a privy in estate, and it is not suggested that he was a privy in any other way.

But the returns were, nevertheless, conclusive upon another ground. The attachment here constitutes a part of the title under which the defendant claims to hold this property. The question between the parties here is, whether there was a valid attachment of these goods, as between the parties to that action. If there was such attachment, this point in the defence is established. It would not be disproved or even weakened, if the plaintiff should show conclusively that as between him and the defendant no attachment was made. The debtor is estopped to deny an attachment, and that estoppel passes the property to the officer ; and unless this conclusive effect can be destroyed, the disproof of the fact is to no purpose, because the question to be tried is, whether such an attachment was made as would be effectual between the parties to the proceedings, to give the officer the title to the goods, under which he justifies this taking.

The evidence to disprove the attachment is rejected, not because it is in conflict with the return merely, or because no evidence is admissible against it, as between the parties to this suit, but because the evidence offered does not tend to impeach the title set up here by the defendant, and therefore the evidence is immaterial in the case.

It is on the same principle that the return of a levy on real estate can not be disproved.

II. The witness Lefavor swears positively to certain facts. It can not be for the court to decide that he did not know these facts upon any criticism of the terms he uses. If the plaintiff doubted

his means of knowledge, he should have cross-examined the witness, and he was at liberty to discuss at his pleasure the credibility of the witness's statements in his address to the jury, and the jury could give them such weight as they seemed to deserve. The witness might *know* the facts he states, as that term is often used by witnesses, without seeing Brown making his purchases at the store; as if he had seen Brown at the store at the date of the last bill, June 6, 1854, and had then shown him the account of his previous purchases, and Brown had admitted their correctness. So if the witness had stated, in answer to a further inquiry, whether he had seen Brown at any other time, that he saw him again at the store May 7, 1853, &c., there would have been no contradiction. His first answer would be true, but imperfect as an answer to the whole question. If a party does not pursue his inquiries, it would be unjust to many witnesses to infer an intention to deceive, from the fact that a question is imperfectly answered. Probably few depositions contain all that a witness knows about a case. He may well suppose that if no inquiries are made, the matter is not material.

III. In replevin, if the general issue were of the nature of not guilty in trespass, it would be a denial of all the material facts alleged in the declaration. But there is no such general issue in this action. There are two material facts in the declaration; 1, the defendant took or detained certain goods; 2, which it is alleged were the property of the plaintiff. These may be separately denied, because the consequences resulting from a verdict against the plaintiff as to these points are different. If the plaintiff fails to prove a taking or detention by the defendant on the plea of *non cepit*, it shows that the action has been commenced against a wrong party, and the defendant recovers his costs; but as he has not had the property in his possession, he is not entitled to have it restored.

Upon the plea of property in the defendant or in a third person, the taking, or detention, or both, are admitted, and it consequently appears that at the commencement of the replevin the defendant was in possession. If the issue on this plea is found

against the plaintiff, it appears that he has replevied property to which he has no right, and it should consequently be restored, or the value of it, to the defendant.

A defendant in replevin may plead property in himself, or in himself and the plaintiff, or in himself and others, or in others, but in either case he must specially traverse that the property belongs to the plaintiff in manner and form, &c.    *Chambers* v. *Hunt,* 3 Harr. 339 ; *Anderson* v. *Talcott,* 1 Gilm. 365.

It is not enough, in a plea denying the plaintiff's property, merely to make such denial. . It is necessary to allege the property to belong to the defendant, or to a third person alone, or jointly with one or both the parties.    *Austin* v. *Holmes,* 3 Denio 245.

To such a plea the plaintiff must reply, taking issue on the traverse, and reäffirming property in himself, in manner and form, &c.    He is not at liberty to traverse the title set up in the plea, which is merely inducement to the traverse of the defendant. 3 Harr. 339; 1 Gilm. 365, above ; *James* v. *Dunlap,* 2 Scam. 481 ; *Prosser* v. *Woodward,* 21 Wend. 211.

Though it is generally held that a plea by an attaching officer, that the property belongs to a third person, (the debtor,) and not to the plaintiff, is sufficient ; *Quincy* v. *Hall,* 1 Pick. 357 ; yet in this State it has been the general practice to state the title of the third person, and the attachment in the nature of a special inducement.    Yet the issue is still upon the fact alleged in the declaration, that the property belonged to the plaintiff ; and any replication raising an issue upon any fact stated in regard to the property of the third person, or in regard to the fact of the attachment, is insufficient, because an issue upon it would be immaterial.

On an issue upon the title to the property, the affirmative is on the plaintiff.    He must show that at the time of suing out the writ he had such a general or special property in the goods as entitled him to the exclusive possession as against the defendant. On such an issue the plaintiff can never have judgment, unless the jury find the property to be in him, as alleged in his declara-

tion, and maintained in his replication. It is not sufficient that the inducement to the defendant's plea is not proved true. *Gentry* v. *Borgis*, 6 Blackf. 261 ; 3 Denio 245 ; 21 Wend. 211 ; 2 Scam. 481 ; *Amos* v. *Sinnott*, 4 Scam. 440 ; 1 Gilm. 365 ; 3 Harr. 339. Though if the jury find any part of the goods to belong to a third person, the defendant is entitled to a verdict for them. *Morss* v. *Stone*, 5 Barb. 516 ; *Williams* v. *Beede*, 15 N. H. 485.

At common law, " if the defendant in replevin pleads property in the beasts in himself, or in a stranger, whether it be pleaded in abatement or pleaded in bar of the action, or by justification, if the defendant prevails in it he shall have a return without an avowry, because, if the pleas be true, they destroy all right of complaint in the plaintiff for the caption and retention ; and if the plaintiff hath no right to the replevin under the present form, nor any other, he ought to have no benefit from his unjust complaint, and therefore the court must award restitution of the beasts to the defendant, out of whose possession they were taken by the replevin." Wilkinson on Rep. 91 ; Gill 213 ; Com. Dig., Pleader, 3, K, 13 ; *King* v. *Ramsay*, 13 Ill. 619.

This was so held in the case of a plea of property in a stranger, in *Porter* v. *Butcher*, 1 Shaw 401 ; 1 Salk. 94 ; S. C., 2 Lill. Ent. 353 ; *Parker* v. *Mellor*, 12 Mod. 122 ; *Presgrove* v. *Saunders*, 6 Mod. 81 ; S. C., 2 Ld. Ray 984, and 1 Salk. 5 ; *Wildman* v. *North*, 2 Lev. 92 ; Vent. 249 ; 18 Vin. Ab. 593 ; and in case of property in himself, in *Salkold* v. *Skelton*, Cro. Ja. 519 ; *Crosse* v. *Bilson*, 6 Mod. 102 ; *Harrison* v. *McIntosh*, 1 Johns. 380 ; *Bemus* v. *Beckman*, 3 Wendell 673 ; *Rogers* v. *Furnald*, 12 Wendell 30.

In *Ingraham* v. *Hammond*, 1 Hill 353, Cowen, J., says, it has been long settled, and never questioned, that in replevin the plea of property in a third person is good, and entitles the defendant to have a return thereof, without connecting himself with the right of such person, or making avowry ; and in *Whitwell* v. *Wells*, 24 Pick. 32, it is said, It is well settled that where the defendants plead property in a stranger, or in themselves,

and traverse the plaintiff's property, if the issue be found in their favor they are entitled to a return without an avowry or conusance. 5 Dane Ab. 530, 531 ; and the general rule is, that when it appears from the record that the defendants were in possession at the time of the replevin, they shall, if they prevail, have a return. 21 Wendell 209 ; *Clair* v. *Adair*, 3 Harr. 113 ; *Tuler* v. *Marizey*, 4 B. Mon. 5 ; *Quincy* v. *Hall*, 1 Pick. 357 ; *Moulton* v. *Bird*, 1 Red. 298 ; *Simpson* v. *McFarland*, 18 Pick. 431. It would be different if it appears that the title of the plaintiff has terminated pending the suit. *Wheeler* v. *Train*, 4 Pick. 168 ; 24 Pick. 33 ; 18 Pick. 431.

Where the defence admits the facts alleged in the writ, and sets up a taking or detaining the property, as the property of the plaintiff, by some legal right there, an avowry or conusance must be pleaded. *Crosse* v. *Bilson*, 6 Mod. 103 ; Com. Dig., Pleader, 3, K, 13 ; Wilk. on Rep. 51.

A suggestion in the nature of an avowry is necessary, where a plea in abatement or in bar puts in issue some merely collateral matter, which decides nothing as to the right of possession of the property. 6 Mod. 103 ; Com. Dig., Pleader, 3, K, 13 ; 3 Selw. N. P. 1026 ; Wilk. on Rep. 46.

In the case of *Bell* v. *Bartlett*, 7 N. H. 178, in which the history of the law of this State in relation to the action of replevin was most ably and carefully investigated, it was settled that whenever the defendant at common law is entitled to a judgment for a return of the goods, he is in this State entitled to a judgment for damages.

IV. It is objected that the rule of damages given to the jury was wrong, and that the rule in trover is the proper rule in replevin. But we think replevin is of the nature of trespass, and it lies in the same cases where trespass lies for the taking of personal property. Wilk. on Rep. 1 ; Com. Dig., title, Replevin ; B. N. P. 52 ; Saund. P. & E. 760. In *Kendall* v. *Fitts*, 2 Foster 1, the amount of the damages was not the subject of consideration, and the case cited from 21 Wend. 145, does not sustain the views of the counsel for the plaintiff, since it is there

held that where the writ of replevin has obviously been perverted to the purpose of a willful injury, with a full consciousness in the plaintiff that he has no claim, the jury may assess smart money, as they might for a willful and malicious trespass. The authorities cited for the defendant show that the plaintiff may recover the damages actually sustained, in addition to the value of the property, though they exceed the interest; as, if the property taken were work horses or oxen, he might recover the worth of their labor. The error in the reference to the date of the writ, instead of the caption, may be corrected in the manner suggested by a remittitur.

There is no suggestion that the damages should be less than the whole value, because the debts on which the attachments were made were less than the value of the property. Perhaps, if it appeared that the plaintiff was the general owner, subject to the attachment, and the judgment was less than the value, the damages might be limited to the amount of the judgment; and if the suit were ended and the attachment dissolved, the damages might be only nominal.

*Judgment on the verdict.*